Dear Ms. Jacob:
This office is in receipt of your request for an opinion of the Attorney General in regard to Community Services Department employees. You ask whether these employees can be included in the St. Charles Parish Civil Service System based upon guidelines in the St. Charles Parish Home Rule Charter as specified in Article III, Section C, Administrative Departments, Offices and Agencies, Number 5, Civil Service System. The resolution requesting an opinion indicates the employees' salaries of St. Charles Parish's Community Services department are partially funded by parish money and federal/state money.
In accordance with the Home Rule Charter, "There shall be a Classified Civil Service for the Parish of St. Charles based upon merit, efficiency and fitness * * *." It further provides that "the Classified Civil Service System shall cover all Parish employees", but then sets forth various exceptions. These exceptions include in part elected officials, assistant to the Parish President and, Director and Assistant Directors of each department of the Parish, members of boards, agencies, special district, and all employees thereof, employees on temporary or contractual basis, the Parish Attorney and his legal assistants, and employees paid exclusively with federal funds.
Pursuant to R.S. 36:471 the Department of Social Services is created, and sets forth in Paragraph C that the Department "shall be composed of the executive office of the Secretary, the office of management and finance, the office of family support, and the office of community services, and other offices as shall be created by law." Thereafter, R.S. 36:477(C)(1) provides that the office of community services "shall provide for the public child welfare functions of the state", including child protective services and plans for foster children to meet their needs. However, this is to be distinguished from the Department of Community Services for the Parish of St. Charles.
By ordinance St. Charles Parish Council, recognizing that functions of some agencies overlap, and that it was "in the best interest of the Parish to have a special department to serve as liaison between St.Charles Parish and other parish community agencies", set forth "that there is hereby created the Department of community services." It was provided by the ordinance that the functions and responsibilities of the Department shall include but not be limited to the following: "Community Action, Food Stamp and Emergency Assistance Programs, and to maintain a working relationship with Council on Aging, Health Unit, River Parishes Council of Government, Welfare Department, St. Charles Housing Authority, Library, Drivers License, Coroner, Mental Health, Registrar of Voters, Veterans Services and "all other community services organizations within the Parish."
In Atty.Gen.Op. 81-691 this office was asked whether the Assumption Parish Police Jury could cover the Parish Registrar of Voters and Deputy Registrar, the County Agent and Assistant County Agent, and the Veterans Service Officer of Assumption Parish under the group health policy, and this office stated it was necessary to determine whether these officials can be considered employees of a police jury. It was noted that the police jury funded in part the salaries of these offices, and office space for these offices, and found they were "hybrid positions", and it was concluded that the parish governing authority may consider them their "employees" under its group health insurance contract.
Following this reasoning, we would conclude the Community Services Department employees, although paid in part by state and federal funds as well as parish funds, should be considered the parish governing authority's "employees" as liaison to the numerous agencies listed so as to be included in the St. Charles Parish Civil Service System.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
DATE RELEASED: January 3, 2003